# VAN WINKLE *v.* JOHNSON.

CONTRIBUTION.—The right to contribution is based upon the maxim "eqality is equity," and depends upon principles of equity rather than contract.

IDEM—SURETY—COSTS.—The liability of a surety accrues upon the maturity and non-payment of the obligation for which he is surety, and if judgment is recovered against the sureties and paid by one of them, he can recover one-half of the costs of the suit from his co-surety.

IDEM.—When a co-surety pays his proportion of the debt after suit is commenced, and judgment is afterward obtained against another surety for the balance due on the note, the latter cannot recover any part of the costs from the former.

IDEM.—The liability of a co-surety does not depend upon whether he was served with process or not, in the original proceeding.

APPEAL from Umatilla County.

*Lucian Everts,* for appellant.

*J. J. Balleray,* for respondent.

By the Court, LORD, J.:

The plaintiff and defendant were sureties upon a promissory note executed by one James Johnson to the First National Bank at Walla Walla. James Johnson died insolvent. After the note became due, the defendant called upon the payee and expressed his willingness to pay his part or share of the note, but he did not pay, nor offer to pay the same. He also made some effort to notify the plaintiff of his readiness to make such payment of his aliquot part, but the information was never communicated to the plaintiff. Subsequently, the holder and payee of the note brought an action to enforce its collection, but the defendant was not served with process. After the action was commenced, but before judgment was recovered, the defendant paid to the bank his moiety of the note. Thereafter, a judgment was recovered against the plaintiff for the balance due upon the note, including costs, and a certain sum adjudged reasonable as attorney's fee, as stipulated in the note. This suit is brought to compel the defendant to contribute his share or moiety in payment of such costs and attorney's fee. The defendant insists that he is not liable for the reason that he has paid his part, and that the additional expense incurred

as incidents of the action was due to the default and negligence of the plaintiff. The right to contribution is based upon the maxim, "equality is equity." Originally, it was enforced only in equity and on principles of natural justice. The right to it did not depend upon contract, but sprung from equitable considerations arising out of the relation of the parties to each other, and the fact of a common interest and a common burden to bear. "The right to contribution," says Church, C. J., "between co-sureties depends upon principles of equity rather than upon contract. It is well settled that the liability exists, although the sureties are ignorant of each other's engagement. The equity springs out of the proposition that when two or more sureties stand in the same relation to a principal, they are entitled equally to all the benefits and must bear equally all the burdens of the position. In such case the maxim 'equality is equity' applies." (*Wells* v. *Miller*, 66 N. Y., 258.) Although the obligation of co-sureties to contribute to each other is not founded upon contract, or any notion of an implied promise, yet the doctrine of contribution as applied and administered in equity has stood so long and been so universally recognized that a jurisdiction at law has grown up and become well settled. (3 Pom. Eq. Jur., sec. 1418, note; Brant on Suretyship and Guaranty, sec. 220.) When, therefore, two or more persons jointly become sureties for another on a note for the payment of money, each surety becomes liable to the other to pay his share of the liability in the event of the failure or insolvency of the principal. "By becoming sureties," said Appleton, C. J., "each impliedly promised the other that he would faithfully perform his part of the contract, and pay his proportion of the loss in case of the insolvency of the principal." (*Hichborn* v. *Fletcher*, 66 Me.,

210.) He is not obliged to delay payment until suit is brought. His liability accrues upon the maturity and non-payment of the note for which he is surety. If, however, it is not paid, and a judgment is recovered against the principal and his sureties, or against the sureties alone, and one of them pays it, he can recover one-half of the costs of the suit from his co-surety. (*Davis* v. *Emerson*, 17 Me., 64; *Newcomb* v. *Gibson*, 127 Mass., 398.) In the former of these last cases, the court say: "The failure to pay which occasioned the costs was imputable to the defendant as much as the plaintiff. The plaintiff paid the execution including the costs. The costs cannot be distinguished from the debt. Every equitable principle which entitles the plaintiff to contribution for the one, applies equally to the other." In such cases, where the costs are recovered in a judgment against them jointly, it is clear, then, the costs have become a common burden, and each may recover of the other for the payment of more than his proportion. And it has been further held that a surety may not only recover of his co-surety a proportionate share of his costs, but also the expenses incurred in defending a suit where the defense set up was reasonable, hopeful and prudent. (*Fletcher* v. *Jackson*, 23 Vt., 593; *Marsh* v. *Harrington*, 18 Vt., 150.) As an incident of the common burden after suit brought, and when both are in default of payment, the liability for contribution for acts is founded upon the same equitable principles as is applied to the main obligation. In *Briggs* v. *Boyd*, 37 Vt., 520, the court say: "But this was a debt for which the plaintiff and defendant were jointly liable. Briggs was no more bound to pay the whole of it than Boyd. As between themselves each was to pay one-half. Had Boyd paid his half or offered to pay it before suit,

there would be ground for his saying that he ought not to contribute to the costs. But the costs were made in collecting the whole of the note from Briggs. As one appears to have been just as much in fault as the other in not paying the note, which led to the necessity of making the costs, we think they should bear equally the burden of the costs." Now what are the facts in the case before us. Both the plaintiff and defendant were in default of payment before the action was brought upon the note. As between themselves each was liable for his share, but neither paid his part or any portion of it before the action was commenced. It is true that the defendant had expressed a willingness to liquidate his share to the payee, but he did not pay it, or offer to pay it. It is true, too, he sent word to the plaintiff that he was willing to pay his share, but the message was never communicated to the plaintiff. As was said in *Boyd* v. *Briggs, supra,* had he "paid his half or offered to pay it before suit was brought, there would be ground for his saying that he ought not to contribute to the costs." Mere willingness, unaccompanied by any offer, is not sufficient. Had he tendered to the plaintiff an offer to pay his part and the plaintiff had refused or delayed in the acceptance of such offer, the case would stand different. It is clear that neither had any defense to the note; and whenever an action should be brought, the judgment with its incidents was inevitable. The fact that the defendant was not served with process is not material. So far as payment is concerned, they were equally in fault, and neither had done such things with respect to the other that would furnish any just reason for exoneration from liability. Suits for contribution against a cosurety for costs, like many other suits in equity, depend very much upon the particular facts of each case. Consid-

erations of right and justice as applicable to the facts are the controlling principle in determining the result. Upon the facts as presented by this record, we are of the opinion the defendant is liable for his proportionate share of the costs, and a decree must be entered accordingly.