Decided at PENDLETON, July 18, 1896.

## FARMERS' NATIONAL BANK *v.* SNODGRASS.
[45 Pac. 758.]

PRINCIPAL AND SURETY — TAKING SECURITY FOR DEBT — EFFECT ON RIGHT OF COSURETY.— Where one of several sureties, after all have signed, but before the debt has been paid, obtained a mortgage from the principal as indemnity, it inures to the benefit of his cosureties: *Van Winkle* v. *Johnson*, 11 Or. 469, cited.

From Union: MORTON D. CLIFFORD, Judge.

Suit by the Farmers' and Traders' National Bank of La Grande and others against William J. Snodgrass and others to foreclose a mortgage and determine the conflicting claims to the proceeds of the mortgaged property. On July sixth, eighteen hundred and ninety-one, W. J. Snodgrass executed to William and Fred Proebstel a mortgage upon certain real estate, to indemnify them against liability on certain of his then outstanding notes, upon which they were sureties, and also as an indemnity against

liability on such notes as they might thereafter execute as his sureties. Among the notes outstanding at the time the mortgage was given was one for five thousand dollars to the First National Bank of Portland, on which the appellant Palmer was a surety jointly with the Proebstels, and which he was compelled to and did pay on February twelfth, eighteen hundred and ninety-four. On the third of January, eighteen hundred and ninety-three, and while the mortgage was still in force, the Proebstels and the respondent John Predmore executed as sureties for Snodgrass a note to the Security Savings and Trust Company of Portland, for seven thousand three hundred dollars, of which Predmore was compelled to and did pay the sum of three thousand, two hundred and fifty dollars on April twelfth, eighteen hundred and ninety-four, the remainder of the note being paid by the other parties. The mortgagees subsequently assigned the mortgage to the payees of the remaining notes on which they were sureties, who brought this suit to foreclose the same, making Palmer and Predmore parties thereto. A decree was entered foreclosing the mortgage, and directing that the proceeds of the sale of the mortgaged property be applied,— *first*, to the payment of the costs and expenses of the suit; *second*, to the payment of the amount found due the plaintiffs; and, *third*, to the amount found due Palmer and Predmore *pro rata*. From this decree Palmer appeals, claiming that he is entitled to priority over Predmore.

MODIFIED.

For appellants there was an oral argument by *Mr. J. D. Slater*, with a brief by *Messrs. J. H. Slater and Sons*, making these points:

A mortgage given to a surety as indemnity against loss or damage by reason of the surety's having signed as surety is in equity held to be also a security for the original debt: *Farr* v. *Nichols*, 30 N. E. 834; *Pendery* v. *Allen*, 33 N. E. 717, and cases cited; Jones on Mortgages, § 385. A mortgage given to indemnify a surety on a note is a continuing security for all renewals of the note until it is paid: Jones on Mortgages, § 382. Where the liability of the surety is in existence when the mortgage is made it is a lien from the date of the mortgage, and not merely from the date the debt is paid: Jones on Mortgages, § 383. But where the liability of the surety was not incurred until afterward, the mortgage is only a lien from the time the liability of the surety was incurred, unless there was in the first instance a legal liability or obligation on the part of the surety to create the liability: *Coffin* v. *Taylor*, 16 Or. 379; Jones on Mortgages, § 383; *Nicklin* v. *Betts Spring Company*, 11 Or. 406. An indorser or surety of a debt, upon being compelled to pay it is entitled to the benefit of any security given by the principal debtor to the holder of the note to secure it: *Keel* v. *Levy*, 19 Or. 454; 1 Jones on Mortgages, §§ 881, 882 (4th ed.). Any advances made by a mortgagee on the faith of the indemnity mortgage, if made with knowledge of a subsequent lien upon the same property, will be postponed to the subsequent lien: 1 Jones on Mortgages, § 383; *Pend-*

*ery* v. *Allen*, 33 N. E. 735; *Nicklin* v. *Betts Spring Company*, 11 Or. 406.

For respondent there was an oral argument by *Mr. J. F. Baker.*

Opinion by MR. CHIEF JUSTICE BEAN.

We think the claim of the appellant Palmer is well taken. The rule seems well settled that where one of several sureties, after all had signed, and before the debt has been paid, obtains from the principal a mortgage or other security for his indemnity, it will inure to the benefit of his cosurety: Brandt on Suretyship and Guaranty, § 268; Sheldon on Subrogation, § 143; *Steele* v. *Mealing*, 24 Ala. 285; *Brown* v. *Ray*, 18 N. H. 102. Under this rule the Proebstel mortgage inured to the benefit of Palmer, and, this being so, it necessarily follows that his equities are prior in time and superior in right to those of Predmore, who became a cosurety of the Proebstels for Snodgrass long after the mortgage was executed. As to Palmer, the mortgage took effect from its execution and delivery, but not as to Predmore until the note upon which he was a cosurety was made, some eighteen months thereafter: *Van Winkle* v. *Johnson*, 11 Or. 469 ( 5 Pac. 922 ); and hence the latter's rights thereunder are subject to those of Palmer. The decree will therefore be modified accordingly.                    MODIFIED.