On respondents - cross-appellants' petition for reconsideration filed October 14, and appellants - cross-respondents' response to petition for reconsideration filed November 12, and respondents - cross-appellants' reply in support of petition for reconsideration filed November 19; and on appellants - cross-respondents' petition for reconsideration filed November 12, and respondents - cross-appellants' response to petition for reconsideration filed November 19, and appellants - cross-respondents' reply in support of petition for reconsideration filed November 20, 2008; respondents - cross-appellants' petition for reconsideration denied; appellants - cross-respondents' petition for reconsideration allowed; opinion (222 Or App 453, 194 P3d 167) modified and adhered to as modified January 14, petition for review allowed July 9, 2009 (346 Or 363)

ZRZ REALTY COMPANY,
an Oregon corporation,
for itself and as trustee of
the Zidell Remediation Funding Trust,
an Oregon trust;
Zidell Marine Corporation,
a Washington corporation;
Tube Forgings of America, Inc.,
an Oregon corporation;
and Pon Exploration, Inc.,
a Delaware corporation,
fka Zidell Explorations, Inc.,
an Oregon corporation,
*Plaintiffs-Respondents,*
*Cross-Appellants,*

*v.*

BENEFICIAL FIRE AND CASUALTY
INSURANCE COMPANY,
succeeded in interest by
J.C. Penney Life Insurance Company, et. al.;
and Prudential Assurance Company, Ltd.,
*Defendants,*
*and*

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,
and Certain London Market Insurance Companies,
aka "Lloyds,"
including the following defendant companies:
Assicurazioni Generali S.P.A.,
Insurance Company of North America (UK), Ltd.,
Commercial Union Assurance Company, PLC,
Edinburgh Assurance Company, Ltd.,
Ocean Marine Insurance Company, Ltd.,

World Auxiliary Insurance Corporation, Ltd.,
Cornhill Insurance Company, Ltd.,
Dominion Insurance Company, Ltd.,
Eagle Star Insurance Company Ltd.,
The Threadneedle Insurance Company, Ltd.,
Excess Insurance Company, Ltd.,
London & Edinburgh General Insurance Company, Ltd.,
New Zealand Insurance Company, Ltd.,
Road Transport & General Insurance Company, Ltd.,
South British Insurance Company, Ltd.,
Ulster Marine Insurance Company, Ltd.,
The United Scottish Insurance Company, Ltd.,
Yorkshire Insurance Company, Ltd.,
Hansa Re & Marine Insurance Company, (UK) Ltd.,
La Reunion Francaise (UK), Ltd.,
Economic Insurance Company, Ltd.,
Norwich Union Fire Insurance Society, Ltd.,
Firemen's Insurance Company of Newark, New Jersey,
Swiss Union General Insurance Company, Ltd.,
Leadenhall Insurance Company, Ltd.,
Bishopgate Insurance Company, Ltd.,
Home Insurance Company,
Nippon Fire & Marine Insurance Company (UK), Ltd.,
Switzerland General Insurance Company, Ltd.,
River Thames Insurance Company, Ltd.,
Royal Insurance Company, Ltd.,
British Fire Insurance Company, Ltd.,
British & Foreign Insurance Company, Ltd.,
National Provincial Insurance Company, Ltd.,
The Scottish Lion Insurance Company, Ltd.,
Skandia Marine Insurance Company (UK), Ltd.,
Drake Insurance Company, Ltd.,
Sphere Insurance Company, Ltd.,
Sphere Drake Insurance Company, PLC,
Alliance Assurance Company, Ltd.,
British Law Insurance Company, Ltd.,
and Continental Assurance Company of London, Ltd.,
Liverpool Marine & General Insurance Company, Ltd.,
Phoenix Assurance Company, Ltd.,
Fine Art & General Insurance Company, Ltd.,
Anglo-French Insurance Company, Ltd.,
Baloise Marine Insurance Company, Ltd.,

Baltica Insurance Company (UK), Ltd.,
Fuji Fire & Marine Insurance Company (UK), Ltd.,
R.W. Gibbon Group,
La Preservatrice Group,
Switzerland General Insurance Company (London), Ltd.,
Yasuda Fire & Marine Insurance Company, Ltd.,
Iron Trades Mutual Insurance Company, Ltd.,
Minster Insurance Company, Ltd.,
Reliance Insurance Company,
Sirius (UK) Insurance, PLC,
Indemnity Marine Assurance Company, Ltd.,
London & Hull Maritime Insurance Company, Ltd.,
and associated companies,
C.A. Parr Agencies, Ltd.,
Sun Insurance Office,
Marine Insurance Company, Limited,
and Sumitomo Marine & Fire Insurance Company, Limited,
*Defendants-Appellants,*
*Cross-Respondents.*

Multnomah County Circuit Court
970806226; A121145

201 P3d 912

Bruce L. Campbell, Dean D. DeChaine, and Miller Nash LLP, and Robert M. Horkovich, Edward J. Stein, and Anderson Kill & Olick, P.C. for respondents - cross-appellants' petition, and response to appellants - cross-respondents' petition.

Thomas W. Sondag, Stephen P. McCarthy, and Lane Powell PC, and John Folawn and Kirklin Folawn LLP for appellants - cross-respondents' petition, and response to respondents - cross-appellants' petition.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Plaintiffs (collectively, Zidell) and defendants (collectively, London) petition this court to reconsider its decision in this case. *ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 222 Or App 453, 194 P3d 167 (2008). We deny Zidell's petition without discussion, but allow London's petition in order to modify two aspects of our original decision.

Our decision in this case resolved, among other assignments of error, London's contention that the trial court should have granted its motion to dismiss Zidell's claims under ORCP 54 B(2) because Zidell's acts were, as a matter of law, expected or intended. We rejected London's argument in that regard for two reasons. First, as we explained with respect to one of London's other assignments of error, 222 Or App at 476, the trial court had erroneously allocated the burden of proof to London on the question whether the harm was expected or intended; "[f]or that reason alone," we held, "it would be improper to conclude on appeal that the trial court should have granted a motion regarding Zidell's failure to make the wrong *prima facie* case." *Id.* at 478. Nonetheless, we then went on to state, "In any event, we disagree with London's argument that the trial court was required, on the record before it, to conclude that the damage for which Zidell sought coverage was, as a matter of law, expected or intended." *Id.*

In its petition for reconsideration, London submits that this court's analysis of whether the harm was expected *or* intended "arguably conflates those two separate inquiries." London acknowledges that, as a result of the court's independent basis for rejecting the assignment of error (different allocation of the burden of proof), the court may well adhere to its previous decision; "[r]egardless, London is concerned that statements made by the Court after reaching the foregoing conclusion may lend themselves to further 'wrangling' on remand."

Given our alternative and independent reason for rejecting London's assignment of error regarding its ORCP 54 B motion, and in the interest of avoiding any confusion on remand, we agree with London that our subsequent discussion of the evidence in the record was unnecessary and

should be deleted. Accordingly, we modify our original opinion to delete the discussion of London's second assignment of error that begins with the sentence, "In any event, we disagree with London's argument that the trial court was required, on the record before it, to conclude that the damage for which Zidell sought coverage was, as a matter of law, expected or intended." 222 Or App at 478.

London also petitions this court to reconsider its rejection of London's fourth assignment of error, which challenged the trial court's conclusion that two "bumbershoot" policies provide coverage for losses that Zidell expected but did not intend. Initially, we agreed with London that the bumbershoot policies are marine insurance policies and are therefore governed by established, controlling federal law. 222 Or App at 481. We were not persuaded, however, that a controlling federal rule excludes marine insurance coverage for expected but unintended losses. Our conclusion relied, in part, on the court's discussion of marine insurance coverage in *Youell v. Exxon Corp.*, 48 F3d 105, 110 (2nd Cir 1995), *vac'd on other grounds*, 516 US 801, 116 S Ct 43, 133 L Ed 2d 9 (1995), *adh'd to on remand*, 74 F3d 373 (2nd Cir 1996), *cert den*, 517 US 1251 (1996). We explained that the

> "question presented to us—whether a principle of admiralty law precludes recovery for expected but unintended loss—strikes us as substantively similar to the issue of first impression identified but not decided in *Youell*. Expected but unintended losses are akin to recklessly caused losses; the insured expects that some loss is *highly probable to result from his or her intentional conduct, but the insured proceeds to act in the face of that expectation of harm*. For that reason, we conclude that there is no established and controlling rule of admiralty law that excludes marine insurance coverage for expected but unintended damage."

222 Or App at 483 (emphasis added).

In its petition for reconsideration, London argues that our analysis did not take into account the trial court's definition of "expected" damage, which neither London nor Zidell challenged on appeal. Before trial, in deciding Zidell's motion for summary judgment, the trial court ruled:

> "A person **intends** a result when they act for the purpose of accomplishing that result. * * *.
>
> "A person **expects** a result if they act with awareness that the result is substantially certain to follow. * * *"

(Emphasis and boldface in original.) This court's understanding of *Youell*, London contends, "does not account for the trial court's determination of what constitutes an 'expected' loss in this case."

London is correct in that regard; our opinion did not account for the trial court's definition of the term "expected." As we observed in our original opinion, *Youell* explained the concept of recklessness as falling "somewhere 'between intent to do harm, which * * * *includes proceeding with knowledge that the harm is substantially certain to occur*, and the mere unreasonable risk of harm to another involved in ordinary negligence.' " 222 Or App at 483 (quoting *Youell*, 48 F3d at 111) (emphasis added). That description, London points out in its petition for reconsideration, comports with Prosser's explanation of "intent":

> "The three most basic elements of this most common usage of 'intent' are that (1) it is a state of mind (2) about consequences of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences *but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act*."

W. Page Keeton, *Prosser and Keeton on the Law of Torts* § 34, at 212 (5th ed 1984). Thus, London argues, "Prosser's (and *Youell's*) 'extended' understanding of 'intent' is plainly the trial court's 'intended *and* expected': an 'intended' act, the trial court held, is a purposeful act, while an 'expected' act is one done 'with awareness that the result is substantially certain to follow.' " (Emphasis by London.)

We agree with London that the trial court's definition of the term "expected" appears to refer to one of the commonly understood permutations of "intent"—that is, an act undertaken with knowledge that the result is substantially certain to occur. That is not how we meant to use the term "expected" in our discussion of London's fourth assignment of

error. Rather, we used the term "expected" to mean something *less than* the commonly understood definition of "intent"—that is, we understood "expected" to refer to a degree of awareness *less than a* "substantial certainty" that damage would occur. 222 Or App at 483 (using the phrase "highly probable" rather than "substantial certainty" in describing expected harm).

With that clarification, we adhere to our previous discussion of the applicable federal law, but, in light of the trial court's definitions of "expects" and "intends," withdraw our conclusion regarding the correctness of the trial court's ruling regarding the bumbershoots. Rather, we express no opinion on that issue, and, to the extent that the issue arises on remand, nothing in this opinion is intended to preclude London or Zidell from arguing about the legal effect of the trial court's earlier definition of "expects" or "intends," or to preclude London from arguing that, in light of those definitions, the bumbershoots do not cover damages that Zidell knew were "substantially certain" to occur.

Respondents - cross-appellants' petition for reconsideration denied. Appellants - cross-respondents' petition for reconsideration allowed; opinion modified and adhered to as modified.