On respondents on review's petition for reconsideration filed December 2, 2010, considered and under advisement January 26,* petition for reconsideration allowed; former opinion adhered to as modified March 3, 2011

ZRZ REALTY COMPANY,
an Oregon corporation,
for itself and as trustee of
the Zidell Remediation Funding Trust,
an Oregon trust;
Zidell Marine Corporation,
a Washington corporation;
Tube Forgings of America, Inc.,
an Oregon corporation;
and Pon Exploration, Inc.,
a Delaware corporation,
fka Zidell Explorations, Inc.,
an Oregon corporation,
*Petitioners on Review,*

*v.*

BENEFICIAL FIRE AND CASUALTY
INSURANCE COMPANY,
succeeded in interest by
J.C. Penney Life Insurance Company, et. al.,
*Defendants,*

*and*

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,
and Certain London Market Insurance Companies,
aka "Lloyds,"
including the following defendant companies:
Assicurazioni Generali S.P.A.,
Insurance Company of North America (UK), Ltd.,
Commercial Union Assurance Company, PLC,
Edinburgh Assurance Company, Ltd.,
Ocean Marine Insurance Company, Ltd.,
World Auxiliary Insurance Corporation, Ltd.,
Cornhill Insurance Company, Ltd.,
Dominion Insurance Company, Ltd.,

---

* Appeal from Multnomah County Circuit Court, William J. Keys, Judge (Pre-Trial and Trial Rulings); Ellen F. Rosenblum, Judge (Judgment and Supplemental Judgment). 222 Or App 453, 194 P3d 167 (2008), *modified on recons*, 225 Or App 257, 201 P3d 912 (2009).

Eagle Star Insurance Company, Ltd.,
The Threadneedle Insurance Company, Ltd.,
Excess Insurance Company, Ltd.,
London & Edinburgh General Insurance Company, Ltd.,
New Zealand Insurance Company, Ltd.,
Road Transport & General Insurance Company, Ltd.,
South British Insurance Company, Ltd.,
Ulster Marine Insurance Company, Ltd.,
The United Scottish Insurance Company, Ltd.,
Yorkshire Insurance Company, Ltd.,
Hansa Re & Marine Insurance Company, (UK) Ltd.,
La Reunion Francaise (UK), Ltd.,
Economic Insurance Company, Ltd.,
Norwich Union Fire Insurance Society, Ltd.,
Firemen's Insurance Company of Newark, New Jersey,
Swiss Union General Insurance Company, Ltd.,
Leadenhall Insurance Company, Ltd.,
Bishopgate Insurance Company, Ltd.,
Home Insurance Company,
Nippon Fire & Marine Insurance Company (UK), Ltd.,
Switzerland General Insurance Company, Ltd.,
River Thames Insurance Company, Ltd.,
Royal Insurance Company, Ltd.,
British Fire Insurance Company, Ltd.,
British & Foreign Insurance Company, Ltd.,
National Provincial Insurance Company, Ltd.,
The Scottish Lion Insurance Company, Ltd.,
Skandia Marine Insurance Company (UK), Ltd.,
Drake Insurance Company, Ltd.,
Sphere Insurance Company, Ltd.,
Sphere Drake Insurance Company, PLC,
Alliance Assurance Company, Ltd.,
British Law Insurance Company, Ltd.,
and Continental Assurance Company of London, Ltd.,
Liverpool Marine & General Insurance Company, Ltd.,
Phoenix Assurance Company, Ltd.,
Fine Art & General Insurance Company, Ltd.,
Anglo-French Insurance Company, Ltd.,
Baloise Marine Insurance Company, Ltd.,
Baltica Insurance Company (UK), Ltd.,
Fuji Fire & Marine Insurance Company (UK), Ltd.,
R.W. Gibbon Group,

La Preservatrice Group,
Switzerland General Insurance Company (London), Ltd.,
Yasuda Fire & Marine Insurance Company, Ltd.,
Iron Trades Mutual Insurance Company, Ltd.,
Minster Insurance Company, Ltd.,
Reliance Insurance Company,
Sirius (UK) Insurance, PLC,
Indemnity Marine Assurance Company, Ltd.,
London & Hull Maritime Insurance Company, Ltd.,
and associated companies,
C.A. Parr Agencies, Ltd.,
Sun Insurance Office,
Marine Insurance Company, Limited,
and Sumitomo Marine & Fire Insurance Company, Limited,
*Respondents on Review.*

(CC 9708-06226; CA A121145; SC S057155)

249 P3d 111

Bruce L. Campbell, Miller Nash LLP, Portland, filed the response to the petition for reconsideration for petitioners on review.

Thomas W. Sondag, Lane Powell PC, Portland, filed the petition for reconsideration and reply in support for respondents on review. With him on the petition and reply were John Folawn and Folawn Alterman & Richardson LLP.

KISTLER, J.

## KISTLER, J.

Defendants seek reconsideration of our opinion in *ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 349 Or 117, 241 P3d 710 (2010). We allow their petition for reconsideration, modify our earlier opinion, and adhere to that opinion, as modified.

Defendants seek reconsideration on three grounds. We reject without discussion the first two grounds that defendants raise and write to address the third ground regarding the scope of the remand. In *ZRZ Realty*, we determined that, for the purposes of the express fortuity policies, the trial court had erred in placing the burden on defendants to prove that damages were neither expected nor intended. *Id.* at 132. In remanding for a retrial on that issue, the opinion stated:

> "In retrying that issue, the trial court must determine initially whether it is necessary to supplement the record; that is, if neither party can establish a specific basis for saying that the record would have been different if the trial court had placed the burden of production and persuasion initially on [plaintiffs], then the trial court may find, based on the existing record, what [plaintiffs] expected or intended for the purposes of the relevant express fortuity policies. If, on either the existing or a supplemented record, the trial court makes the same findings on remand that the trial court did initially, then it presumably can reenter the judgment, with any appropriate adjustment for attorney fees. Conversely, if the trial court reaches a different conclusion on remand as to when [plaintiffs] expected or intended property damage for the purposes of the express fortuity policies, then the court also will presumably have to adjust the findings allocating responsibility for remediating the damage between [defendants and plaintiffs]."

*Id.* at 148 (footnote omitted).

In their petition on reconsideration, defendants note that the trial judge who heard this case has died. Defendants observe that our opinion could be read to foreclose the trial judge who hears this case on remand from hearing live testimony, even on issues on which credibility matters. Defendants ask us to clarify our opinion in that respect. Plaintiffs

respond that the judge who tried the case did not make any credibility findings and that defendants have not identified any issues that would preclude the trial court, on remand, from relying on the existing record. In providing guidance for the trial court on remand, we did not intend to foreclose the trial court from taking live testimony on remand if the trial court, in its discretion, determines that live testimony is appropriate. We accordingly modify our earlier opinion to clarify that point.

The petition for reconsideration is allowed. The former opinion is adhered to as modified.