On appellants-cross-respondents' petition for reconsideration filed April 17, and respondents-cross-appellants' response to petition for reconsideration filed April 24, reconsideration allowed; former opinion (255 Or App 524, 300 P3d 1224) clarified and adhered to as clarified June 19, petition for review denied November 27, 2013 (354 Or 491)

ZRZ REALTY COMPANY,
an Oregon corporation,
for itself and as trustee of
the Zidell Remediation Funding Trust,
an Oregon trust;
Zidell Marine Corporation,
a Washington corporation;
Tube Forgings of America, Inc.,
an Oregon corporation;
and Pon Exploration, Inc.,
a Delaware corporation,
fka Zidell Explorations, Inc.,
an Oregon corporation,
*Plaintiffs-Respondents,*
*Cross-Appellants,*

*v.*

BENEFICIAL FIRE AND CASUALTY
INSURANCE COMPANY,
succeeded in interest by
J.C. Penney Life Insurance Company, et. al.,
*Defendants,*

*and*

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,
and Certain London Market Insurance Companies,
aka "Lloyd's,"
including the following defendant companies:
Assicurazioni Generali S.P.A.,
Insurance Company of North America (UK) Ltd.,
Commercial Union Assurance Company, PLC,
Edinburgh Assurance Company, Ltd.,
Ocean Marine Insurance Company, Ltd.,
World Auxiliary Insurance Corporation, Ltd.,
Cornhill Insurance Company, Ltd.,
Dominion Insurance Company, Ltd.,

Eagle Star Insurance Company Ltd.,
The Threadneedle Insurance Company, Ltd.,
Excess Insurance Company Ltd.,
London & Edinburgh General Insurance Company Ltd.,
New Zealand Insurance Company, Ltd.,
Road Transport & General Insurance Company, Ltd.,
South British Insurance Company, Ltd.,
Ulster Marine Insurance Company, Ltd.,
The United Scottish Insurance Company, Ltd.,
Yorkshire Insurance Company, Ltd.,
Hansa Re & Marine Insurance Company (UK), Ltd.,
La Reunion Francaise (UK) Ltd.,
Economic Insurance Company, Ltd.,
Norwich Union Fire Insurance Society, Ltd.,
Firemen's Insurance Company of Newark, New Jersey,
Swiss Union General Insurance Company, Ltd.,
Leadenhall Insurance Company, Ltd.,
Bishopgate Insurance Company, Ltd.,
Home Insurance Company,
Nippon Fire & Marine Insurance Company (UK), Ltd.,
Switzerland General Insurance Company, Ltd.,
River Thames Insurance Company, Ltd.,
Royal Insurance Company, Ltd.,
British Fire Insurance Company, Ltd.,
British & Foreign Insurance Company, Ltd.,
National Provincial Insurance Company, Ltd.,
The Scottish Lion Insurance Company, Ltd.,
Skandia Marine Insurance Company (UK), Ltd.,
Drake Insurance Company, Ltd.,
Sphere Insurance Company, Ltd.,
Sphere Drake Insurance Company, PLC,
Alliance Assurance Company, Ltd.,
British Law Insurance Company, Ltd.,
and Continental Assurance Company of London, Ltd.,
Liverpool Marine & General Insurance Company, Ltd.,
Phoenix Assurance Company, Ltd.,
Fine Art & General Insurance Company, Ltd.,
Anglo-French Insurance Company, Ltd.,
Baloise Marine Insurance Company, Ltd.,
Baltica Insurance Company (UK), Ltd.,
Fuji Fire & Marine Insurance Company (UK), Ltd.,

R.W. Gibbon Group,
La Preservatrice Group,
Switzerland General Insurance Company (London), Ltd.,
Yasuda Fire & Marine Insurance Company, Ltd.,
Iron Trades Mutual Insurance Company, Ltd.,
Minster Insurance Company, Ltd.,
Reliance Insurance Company,
Sirius (UK) Insurance, PLC,
Indemnity Marine Assurance Company, Ltd.,
London & Hull Maritime Insurance Company, Ltd.,
and associated companies,
C.A. Parr Agencies, Ltd.,
Sun Insurance Office,
Marine Insurance Company, Limited,
and Sumitomo Marine & Fire Insurance Company,
Limited,
*Defendants-Appellants,*
*Cross-Respondents.*

Multnomah County Circuit Court
970806226; A121145

306 P3d 661

Thomas W. Sondag and Lane Powell PC, and John Folawn and Folawn Alterman & Richardson LLP for petition.

Bruce L. Campbell and Miller Nash LLP for response.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Nakamoto, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendants (collectively, London) petition for reconsideration of our decision in *ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 255 Or App 524, 300 P3d 1224 (2013) (*ZRZ Realty VI*). We allow the petition in order to clarify our disposition as it relates to the supplemental judgment for attorney fees.[1]

The parties are well aware of the procedural history of this case, and we will not recount more than is necessary for purposes of this opinion. Our most recent decision, *ZRZ Realty VI*, was an effort to address those issues that were before us on remand after the Supreme Court's decision in *ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 349 Or 117, 241 P3d 710 (2010) (*ZRZ Realty III*), *modified on recons*, 349 Or 657, 249 P3d 111 (2011) (*ZRZ Realty IV*). Among those issues were assignments of error concerning attorney fees awarded to plaintiffs (collectively, Zidell) by way of a general judgment, and an assignment of error concerning additional fees that Zidell was awarded, by way of a supplemental judgment, for time spent preparing the initial fee petition.

We ultimately concluded that the trial court had erred in awarding attorney fees for work performed regarding London's duty to indemnify Zidell, and we therefore "remand[ed] with respect to the initial attorney fee award, which was included in the general judgment, for the trial court to reconsider the apportionment and award of attorney fees in light of that error." 255 Or App at 553. We then considered London's tenth assignment of error, which challenged the trial court's supplemental award of attorney fees for time spent preparing the initial petition. We disagreed with London's contentions under that assignment of error and concluded that, "even if block billing complicated the efforts of Zidell's attorneys, we cannot say that the trial court, in light of all the factors it considered, abused its discretion in awarding Zidell $268,988.15 in supplemental attorney fees."

---

[1] London also seeks reconsideration of our decision with respect to London's third assignment of error, suggesting that we misunderstood the "factual and procedural backdrop of that assignment." Respectfully, we did not misunderstand London's assignment; we disagreed with it. We decline to revisit the same arguments that we previously addressed and rejected.

The final paragraph of our decision summarized our conclusions concerning attorney fees:

> "As for attorney fees, we conclude, based on London's eighth assignment of error, that the initial attorney fee award in the judgment must be remanded because it includes fees for work performed concerning the duty to indemnify, a matter on which Zidell was not entitled to fees. On remand, the trial court also can consider, in setting a reasonable attorney fee award, the amounts that Zidell received for attorney fees from settling insurers; but, as Zidell correctly argued in its fifth assignment of error on cross-appeal, London is not necessarily entitled to a set off for those amounts. We reject London's ninth assignment of error regarding the billing rates used to calculate a reasonable fee award. And, finally, we reject London's tenth assignment of error—its challenge to the supplemental award of fees."

255 Or App at 559. The tag line of the opinion, which followed that paragraph, stated, "On appeal and on cross-appeal, reversed in part and remanded for further proceedings."

In its petition for reconsideration, London asks us to clarify our disposition regarding the supplemental judgment, which was not specifically mentioned in the tag line. In London's view, because we reversed the general judgment as to attorney fees, we necessarily reversed the supplemental judgment as well, because the two were interrelated—that is, the supplemental judgment was based on the award of attorney fees in the general judgment. *See* ORS 20.220(3) ("When an appeal is taken from a judgment under ORS 19.205 to which an award of attorney fees or costs and disbursements relates: (a) If the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed * * *."). London asks that we make explicit that aspect of our disposition.

Zidell reads our decision differently. According to Zidell, our "opinion makes clear that it affirmed the supplemental attorney fee award" and that, "rather than an outright reversal of the initial attorney fee award, [this court] remanded the attorney fee award to the trial court for reapportionment." "This distinction is significant," Zidell argues, "because there is no question that, on remand, Zidell

will receive a substantial attorney fee award associated with establishing London's duty to defend." Thus, "given that Zidell will recover a substantial award of attorney fees regardless of the proceedings on remand, the trigger to the award of supplemental attorney fees will not be disturbed."

Although our opinion was not as explicit as it should have been on this point, we did not intend to affirm the supplemental judgment. As London correctly observes, the legal effect of reversing the underlying attorney fee award in the general judgment was to reverse the supplemental judgment for attorney fees as well, because that supplemental judgment was predicated on the initial award—*i.e.*, the appeal of the initial award was an appeal "to which [the supplemental] award of attorney fees or costs and disbursements relates" under ORS 20.220(3)(a).[2] Our tag line—"On appeal and on cross-appeal, reversed in part and remanded for further proceedings"—was consistent with ORS 20.220(3) (a) and did not state that the supplemental judgment was affirmed.

The parties' understandable confusion stems from the fact that, after holding that the underlying attorney fee award was to be remanded for "the trial court to reconsider the apportionment and award of attorney fees," 255 Or App at 553, we went on to address other assignments of error concerning attorney fees, attempting to give the trial court and the parties further guidance on those attorney fee issues likely to arise on remand.[3] In the process, we rejected, among other arguments, an assignment of error that challenged the supplemental attorney fee award because of Zidell's attorneys' practice of "block billing" their time. Our rejection of

---

[2] The trial court's findings and conclusions in support of the supplemental award demonstrate the interrelationship between the initial and supplemental awards:

"[Zidell's] Initial Statement presented an appropriate request for fees, and, to the extent this court's award of supplemental fees depends on [Zidell's] initial right to recover fees and the appropriateness of its Initial Statement, this court confirms [the earlier trial judge's] decision to overrule [London's] objections to [Zidell's] Initial Statement and confirms [the earlier trial judge's] decision that [Zidell is] entitled to attorney fees in this case as set forth in the Initial Award."

[3] The trial judges who decided attorney fee issues in this case are no longer on the bench, and a different judge will address attorney fee issues on remand.

that assignment of error, however, did not alter the fact that the supplemental judgment was deemed reversed by operation of law when we reversed the underlying attorney fee award.[4]

As Zidell correctly points out, it will still receive a substantial award of attorney fees on remand for work performed on the duty to defend. That does not mean, as Zidell contends, that "the trigger to the award of supplemental attorney fees will not be disturbed" for purposes of ORS 20.220(3). The "trigger" was disturbed when we reversed and remanded the underlying attorney fee award. Now, the amount of attorney fees to be awarded—both on the duty to defend and for time spent recovering those fees—is a matter for the trial court to consider on remand. It may be that the trial court will again award $268,988.15 for the time spent preparing the initial petition for attorney fees, for the same reasons that it initially awarded those fees, but, in light of ORS 20.220(3), this court cannot assume as much.[5]

For those reasons, we allow London's petition for reconsideration, clarify that the supplemental judgment was deemed reversed under ORS 20.220(3)(a), and adhere to our opinion as clarified.

Reconsideration allowed; former opinion clarified and adhered to as clarified.

---

[4] Our opinion couched our treatment of London's tenth assignment of error in terms of "reject[ing] London's argument," 255 Or App at 531, rather than in terms of affirming the supplemental judgment. *See id.* at 558 ("We cannot say that the trial court * * * abused its discretion * * *."); *id.* at 559 ("[W]e reject London's tenth assignment of error—its challenge to the supplemental award of fees.").

[5] It is at least conceivable that, if the court on remand were to reduce the attorney fees that Zidell can recover on its initial petition, the court would also conclude that the reasonable amount of attorney fees for the time spent preparing that initial petition should be something less than $268,988.15. Our opinion is neither intended to require, nor to foreclose, such a result; rather, it is our intent to leave the amount of the attorney fees to the trial court's discretion.