On respondent-cross-appellant Big River Construction, Inc. and respondent Safeco Insurance Company of America's petition for reconsideration filed November 23, appellant-cross-respondent's opposition to petition for reconsideration filed December 14, and respondent-cross-appellant Big River Construction, Inc. and respondent Safeco Insurance Company of America's reply in support of petition for reconsideration filed December 28, 2016, reconsideration allowed, former disposition withdrawn, former opinion (281 Or App 787, 386 P3d 19) modified and adhered to as modified; on appeal, general judgment on plaintiff's breach of contract claim reversed and remanded for retrial of damages, otherwise affirmed; supplemental judgment affirmed; on cross-appeal, affirmed February 15, 2017

BIG RIVER CONSTRUCTION, INC.,
an Oregon corporation,
dba Big River Excavating,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

CITY OF TILLAMOOK,
an Oregon public body,
*Defendant-Appellant*
*Cross-Respondent.*

CITY OF TILLAMOOK,
an Oregon public body,
*Third-Party Plaintiff-Appellant,*

*v.*

SAFECO INSURANCE
COMPANY OF AMERICA, a surety,
*Third-Party Defendant-Respondent.*

Tillamook County Circuit Court 102046

CITY OF TILLAMOOK,
an Oregon public body,
*Plaintiff,*

*and*

FERGUSON ENTERPRISES, INC.,
a corporation of Virginia, foreign corporation,
*Plaintiff,*

*v.*

BIG RIVER CONSTRUCTION, INC.,
an Oregon corporation,

dba Big River Excavating; and
Safeco Insurance Company of America, a surety,
*Defendants.*

Tillamook County Circuit Court 102047

A152131

391 P3d 996

Darien S. Loiselle, Sara Kobak, Schwabe, Williamson &
Wyatt, P.C., Jan D. Sokol, and Stewart Sokol & Larkin LLC
for petition.

Christopher L. Reive and Jordan Ramis PC for response.

Before Armstrong, Presiding Judge, and Sercombe, Judge,
and Egan, Judge.

**SERCOMBE, J.**

Plaintiff and third-party defendant petition for reconsideration of our decision in *Big River Construction, Inc. v. City of Tillamook*, 281 Or App 787, 386 P3d 19 (2016). For the reasons that follow, we allow the petition for reconsideration, withdraw our prior disposition, modify our prior opinion in the manner described and adhere to it as modified, and substitute a new disposition.

In *Big River Construction, Inc.*, we determined that the trial court had erred in denying portions of defendant City of Tillamook's motions for directed verdict, and, as a result, erred in submitting certain categories of plaintiff's damages to the jury. We reversed the general judgment and remanded for a new trial on damages only. Our opinion was clear that the reversal and the limited scope of the remand for a retrial of damages pertained to plaintiff's breach of contract claim. 281 Or App at 808. Plaintiff and third-party defendant correctly point out that our disposition inadvertently failed to affirm the portions of the general judgment that were not reversed on appeal, and they request that we correct our disposition. We allow reconsideration to correct that oversight.

In addition, because our original disposition reversed and remanded the general judgment in its entirety, we also reversed and remanded under ORS 20.220(3)(a) the supplemental judgment awarding attorney fees and costs to plaintiff.[1] Plaintiff and third-party defendant request that we modify the disposition to affirm the supplemental judgment because, they explain, the supplemental judgment related to their defense against the city's counterclaim—not to the portion of the general judgment that we reversed—and it should, therefore, not be reversed under ORS 20.220(3)(a). *See ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 349 Or 117, 149-50, 150 n 31, 241 P3d 710 (2010), *adh'd to as modified on recons*, 349 Or 657, 249 P3d 111 (2011) (part of judgment reversed on appeal did not relate to the award of attorney

___

[1] ORS 20.220(3)(a) provides that, "[w]hen an appeal is taken from a judgment *** to which an award of attorney fees or costs and disbursements relate[,] *** [i]f the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]"

fees, therefore fees should not have been reversed). The city argues, in response, that the supplemental judgment awarded attorney fees pursuant to the general judgment, not to any specific claim or issue, and that our disposition should therefore not be modified. The record supports plaintiff and third-party defendant's view. Indeed, the trial court ruled that plaintiff and third-party defendant were entitled to attorney fees under ORS 742.061 and that plaintiff was not entitled to attorney fees incurred solely to prosecute its claims against the city. The supplemental judgment should, therefore, be affirmed. *See Howe v. Greenleaf*, 260 Or App 692, 713, 320 P3d 641 (2014) (affirming trial court's rejection of plaintiffs' claims based on easement agreement and concomitant award of attorney fees to defendants but reversing and remanding other claims). Accordingly, we modify our former opinion to delete the following: "As a result of that disposition, the supplemental judgment is also reversed and remanded. ORS 20.220(3)(a)." *Big River Construction, Inc.*, 281 Or App at 790.

We deny the petition for reconsideration in all other respects without written discussion.

Accordingly, we withdraw our former disposition and modify it as follows: "On appeal, general judgment on plaintiff's breach of contract claim reversed and remanded for retrial of damages; otherwise affirmed. Supplemental judgment affirmed. On cross-appeal, affirmed."

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified. On appeal, general judgment on plaintiff's breach of contract claim reversed and remanded for retrial of damages; otherwise affirmed. Supplemental judgment affirmed. On cross-appeal, affirmed.