***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted January 15, 2021, affirmed July 27, 2022

COASTLINE RE HOLDINGS CORP.,
a California corporation,
*Plaintiff-Respondent,*

*v.*

MAXWELL MORGAN, LLC.,
a Nebraska limited liability company,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CV52457; A171875

Kelly Skye, Judge.

Jeremy G. Tolchin argued the cause for appellant. On the briefs were Nicholas J. Henderson and Motschenbacher & Blattner LLP.

Teresa H. Pearson argued the cause for respondent. Also on the brief were Miller Nash Graham & Dunn LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Kamins, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

This is an appeal from an action for unjust enrichment, restitution, and money had and received involving plaintiff, Coastline Re Holdings Corporation, and defendant, Maxwell Morgan, LLC. Both plaintiff and defendant were secured lenders of Fagerdala USA—Lompoc, Inc. (Fagerdala), who is not a party to this appeal. In 2014, Fagerdala filed for Chapter 11 bankruptcy, which ultimately reduced the total amount it had to pay back to plaintiff. After the bankruptcy case made its way through the federal court system, plaintiff dismissed the bankruptcy case and filed this present action in Multnomah County Circuit Court to recover $255,889.99 from defendant. Plaintiff contended that, based on an appellate decision arising out of the bankruptcy case, it should have been paid instead of defendant. The trial court agreed with plaintiff's position and granted plaintiff's motion for summary judgment and denied defendant's cross-motion for summary judgment. On appeal, defendant now seeks reversal of the trial court's decision in a single assignment of error. For the reasons explained below, we conclude that defendant's argument rests on an incorrect premise regarding the effect of the decision by the federal appeals court on the bankruptcy court case. Accordingly, because the trial court did not err in its summary judgment rulings, we affirm.

The relevant facts are procedural in nature and undisputed. Fagerdala filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code, and the bankruptcy court, as part of the reorganization plan, entered two orders: (1) an order granting the motion to designate votes (Designation Order), which disqualified certain votes in support of Fagerdala's Chapter 11 plan of reorganization, and (2) an order confirming the fourth amended plan of reorganization (Confirmation Order).[1] Under the bankruptcy plan, the total amount that Fagerdala had to pay plaintiff was reduced. Because the plan limited the amount plaintiff could be paid from the sale of Fagerdala's assets, plaintiff appealed both of the bankruptcy court's orders.

---

[1] A more detailed recitation of the facts concerning the bankruptcy court proceedings are outlined in *In Re Fagerdala USA—Lompoc, Inc.*, 891 F3d 848 (9th Cir 2018).

The United States District Court for the District of Oregon affirmed the bankruptcy court's decision and dismissed the appeal. Plaintiff then appealed that ruling to the United States Court of Appeals for the Ninth Circuit. While the case was pending before the Ninth Circuit, however, Fagerdala sold the property secured by the parties, and the title company paid plaintiff and defendant pursuant to the original bankruptcy plan. As part of that distribution, defendant received $255,889.99 of the proceeds, which plaintiff argued should have lawfully been paid to plaintiff.

Several months after the sale, the Ninth Circuit reversed the district court's ruling, vacated the Designation Order, and remanded the case to the bankruptcy court for further proceedings. Specifically, the court's decision provided, in part:

"Therefore, we reverse the district court's order affirming the bankruptcy court, vacate the bankruptcy court's order granting Fagerdala's motion to designate the Purchased Claims, and remand this case to the bankruptcy court for proceedings consistent with this opinion."

*In Re Fagerdala USA—Lompoc, Inc.*, 891 F3d 848, 857 (9th Cir 2018). In a footnote, the court also briefly addressed the Confirmation Order:

"In addition to the designation issue, [plaintiff] argued that the bankruptcy court erred by allowing the Purchased Claims to be segregated from the other general unsecured claims. In its briefing, Fagerdala conceded the classification issue if the bankruptcy court were reversed on the designation question. Since we find the bankruptcy court committed legal error by designating the votes of the Purchased Claims, we also find that Fagerdala has conceded that Purchased Claims were improperly classified separately from the other general unsecured claims."

*Id.* at 857 n 7.

Although the Ninth Circuit ruled in plaintiff's favor, because Fagerdala no longer had ongoing operations or remaining assets, plaintiff moved to dismiss the bankruptcy case. The bankruptcy court granted the motion and dismissed the bankruptcy case.

Plaintiff subsequently filed this suit in state court against defendant, asserting claims for unjust enrichment, restitution, and money had and received. Plaintiff argued that, because defendant was paid $255,889.99 based on the terms of the bankruptcy plan that was reversed by the Ninth Circuit, plaintiff was entitled to recover that amount from defendant. Plaintiff moved for summary judgment, and defendant filed a cross-motion for summary judgment. After a hearing, the trial court agreed with plaintiff's position, granted plaintiff's motion for summary judgment, and denied defendant's cross-motion.

On appeal, the parties renew the arguments that they made to the trial court. The parties' dispute turns on how to interpret the scope of the Ninth Circuit's decision. Defendant argues that the trial court erred in granting plaintiff's motion for summary judgment because the trial court did not have authority to rule on a motion concerning the disposition of Fagerdala's property. According to defendant, the Ninth Circuit vacated only the Designation Order and did not disturb the Confirmation Order. Defendant asserts that, because the Ninth Circuit's decision "focused solely on the Designation Order, and the case was remanded to the Bankruptcy Court for proceedings consistent" with the court's ruling, the Confirmation Order remained in effect. Thus, according to defendant, plaintiff was required to pursue relief with the bankruptcy court consistent with the Ninth Circuit's opinion and plaintiff's decision to dismiss the bankruptcy case "constituted a waiver of its right to collect the monies at issue in this case." Defendant further argues that plaintiff's dismissal of the bankruptcy case did not operate to vacate the Confirmation Order or the bankruptcy plan. In support of its argument on the effect of a dismissal in a bankruptcy proceeding, defendant relies on 11 USC section 349(b) of the Bankruptcy Code, as well as several cases interpreting that statute.

In response, plaintiff argues that both the Designation Order and the Confirmation Order were before the Ninth Circuit and both orders were reversed when the court reversed the district court. Plaintiff contends that footnote seven of the Ninth Circuit opinion specifically addressed "an error in the Confirmation Order" and established that

the Ninth Circuit's decision did rule on the Confirmation Order. Alternatively, plaintiff contends that, even if the Ninth Circuit did not expressly rule on the Confirmation Order, "its decision to vacate the Designation Order necessarily had the legal effect of reversing the Confirmation Order" because the Confirmation Order was dependent on the Designation Order. Plaintiff argues that, under federal law, "when a lower court's order is reversed, any other order that is dependent upon the reversed order is also reversed." Thus, according to plaintiff, there was no impediment to the trial court deciding the case. Finally, plaintiff asserts that it "has consistently made clear that it intended to recover" the $255,889.99 paid to defendant, and therefore, did not waive its rights to recover the funds.

After considering the parties' briefing and argument, we agree with plaintiff's position. Even assuming that footnote seven addressing the Confirmation Order did not amount to a ruling on the correctness of the Confirmation Order, the Ninth Circuit's resolution of the Designation Order had the legal effect of vacating the Confirmation Order. That is because the Confirmation Order was dependent on the Designation Order. Defendant does not dispute that the Confirmation Order relies on the Designation Order, nor could it reasonably take that position given that the Confirmation Order specifically provides that the bankruptcy court considered the Designation Order, along with other documents, in granting the Confirmation Order.[2] Further, a designation of claims is generally part of a Chapter 11 plan of reorganization. *See* 11 USC § 1123

---

[2] The Confirmation Order provides, in part:

"The Court, having considered the Plan, the Third Amended Disclosure Statement (ECF No. 117), Debtor's Memorandum in Support of Confirmation of Plan (ECF No. 160), Debtor's Supplemental Memorandum in Support of Confirmation (ECF No. 171), Order Granting Motion to Designate Votes, the pleadings and papers filed in connection with confirmation, the evidence and arguments presented at or before the hearing in support of and in opposition to the Plan and associated motions; hereby finds as follows:

"A. The Plan has been proposed in good faith and not by any means forbidden by law.

"* * * * *

"E. The Plan has been accepted in writing by an impaired class of creditors."

(governing the contents of a reorganization plan). Indeed, as plaintiff's argument contends, the only way that the bankruptcy court could make its finding in the Confirmation Order that the plan had been "accepted in writing by an impaired class of creditors" was to rely on the decision in the Designation Order. Thus, in vacating the Designation Order, the Ninth Circuit also invalidated any dependent orders—like the Confirmation Order. *See* 5 CJS *Appeal and Error* § 1127 (2022) ("An order, judgment, or proceeding dependent on, or ancillary and accessory to, a judgment, order, or decree which is reversed or vacated falls with it."); *Disher v. Citigroup Global Markets, Inc.*, 486 F Supp 2d 790, 797-800 (SD Ill 2007) (noting the guiding principles regarding the reversal of a judgment or order); *cf. ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 257 Or App 180, 186-87, 306 P3d 661, *rev den*, 257 Or App 180 (2013) (explaining that the supplemental judgment was deemed reversed by operation of law when the court reversed the underlying attorney fee award in the general judgment).

Accordingly, because defendant's summary judgment arguments rely on an incorrect premise about the effect of the Ninth Circuit's opinion, we reject defendant's remaining arguments and conclude that the trial court did not err in granting plaintiff's motion for summary judgment and in denying defendant's cross-motion for summary judgment.

Affirmed.