LOREN MILLER, APPELLEE, V. INDUSTRIAL HOSPITAL
ASSOCIATION, A CORPORATION, APPELLANT.

163 N. W. 2d 891

Filed January 10, 1969. No. 37023.

Neighbors & Danielson, Holtorf, Hansen & Kortum, and Leland K. Kovarik, for appellant.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

BOSLAUGH, J.

The plaintiff, Loren Miller, was employed as a laborer by Morrison-Knudsen Co., Inc., on a construction project in Banner County, Nebraska. On April 22, 1963, the plaintiff and two other men were pulling a pump from a well by hand, using pipe wrenches to grip the pipe. While one of the men was moving his wrench to a new position on the pipe, the plaintiff experienced a sharp pain in his lower back. As a result of this incident, the plaintiff became disabled and required medical and hospital treatment.

The plaintiff commenced an action under the Workmen's Compensation Act, but it resulted in an order of

dismissal. While that action was pending on the plaintiff's motion for rehearing, the parties entered into a lump-sum settlement.

The plaintiff then brought this action to recover his expenses under a group hospital and medical insurance policy issued to the Morrison-Knudsen Co., Inc., by the defendant, Industrial Hospital Association.

A jury was waived and the action tried to the court. The trial court found generally for the plaintiff and that he should recover the sum of $3,153.93 from the defendant. The defendant's motion for new trial was overruled and it has appealed.

The issues presented relate to the language of the policy. The defendant contends that the conditions, restrictions, and exclusions in the policy prevent the plaintiff from recovering his expenses.

The policy contains a provision which limits payment for medical and hospital expenses to the maximum of "* * * the Association's established fee schedule current at the time the expenses were incurred * * *." The defendant contends that the plaintiff is required to prove the fee schedule before the plaintiff can recover benefits under the policy.

The plaintiff attached a copy of the policy to his petition, and a copy of the policy was received in evidence, but there was no fee schedule attached to the policy. The defendant failed to plead or prove a fee schedule and the record does not show that such a schedule existed.

A schedule limiting the benefits payable under an insurance policy must be made known to the insured before it can be effective. Urick v. Western Travelers Accident Assn., 81 Neb. 327, 116 N. W. 48. Such provisions are generally defensive in character and must be pleaded and proved by the insurer. See, Bolduc v. New York Fire Ins. Co., 244 Minn. 192, 69 N. W. 2d 660; Anderson v. Connecticut Fire Ins. Co., 231 Minn. 469, 43 N. W.

2d 807. In this case the burden of pleading and proving the fee schedule was on the defendant.

The evidence shows that the plaintiff suffered from chronic instability of the low back due to a transitional vertebra at the lumbosacral level. This was a developmental defect which was congenital and predisposed the plaintiff to injury and pain on certain types of motion and strain.

The policy provides coverage for: "Non-occupational personal injuries and diseases. (Non-occupational injuries shall include injury or illness covered by Workmen's Compensation Acts, Employer's Liability Acts and also shall exclude injury or illness of work, service, or labor being engaged in for monetary gain of employee.)"

The plaintiff was injured while helping lift the well pipe on April 22, 1963. The injury was not covered by the Workmen's Compensation Act as the law existed at that time, but the defendant claims that it was an occupational injury or an "injury or illness of work, service, or labor being engaged in for monetary gain of employee." The plaintiff argues that his illness was the congenital condition which became manifest as a result of the effort of labor. The policy specifically covers chronic conditions which become acute and acute sickness occurring during the hours of employment.

An insurance contract prepared by the insurer which contains provisions reasonably subject to different interpretations will be liberally construed in favor of the insured. Kent v. Dairyland Mut. Ins. Co., 177 Neb. 709, 131 N. W. 2d 146. We think the evidence in this case is sufficient to sustain a finding that the plaintiff's injury was nonoccupational within the meaning of the policy.

The policy further provides that: "* * * neither pre-existing chronic conditions nor chronic conditions becoming manifest during the first six months of coverage under this agreement are covered hereby." A rider attached to the policy provides that coverage shall extend to chronic conditions which become acutely manifest

during the first six months of coverage "* * * but which were not active or under medical care or supervision during the six months immediately preceding the date of initial coverage * * *."

There was evidence that the plaintiff was treated for back pain on January 16, 1963, and on March 8, 1963, which was within the 6 months immediately preceding the date of initial coverage. However, the treating physician testified that the January and March incidents were separate injuries from which the plaintiff recovered, and that the chronic condition of the plaintiff's back did not become known until an X-ray examination was made on June 7, 1963.

The phrase "acutely manifest," as used in a similar policy, was construed to mean a manifestation sharp or severe in character with a rapid onset and of such pronounced symptoms that the probable existence of a given malady is thereby very plainly shown. Smith v. Industrial Hospital Assn., 194 Or. 525, 242 P. 2d 592.

Although the plaintiff was treated for back pain during the 6 months immediately preceding the date of initial coverage, there was no indication to the plaintiff or the treating physician of the existence of the chronic condition at that time. The evidence will sustain a finding that the chronic condition of the plaintiff's back did not become acutely manifest until after April 22, 1963, and such condition was not active or under medical care or supervision prior to that date.

The judgment of the district court is correct and is affirmed. The plaintiff is allowed the sum of $600 for the services of his attorney in this court.

AFFIRMED.