The **CITY OF TACOMA, a Washington municipal corporation,** Plaintiff,

v.

**GREAT AMERICAN INSURANCE COMPANIES, et al.,** Defendants.

No. C93–5729B.

United States District Court,
W.D. Washington,
at Tacoma.

June 16, 1995.

Timothy J. Whitters, Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, Tacoma, WA, for plaintiff.

William A. Olson, Aiken, St. Louis & Seljig, Seattle, WA, David M. Jacobi, Wilson, Smith, Cochran & Dickerson, Seattle, WA, and Bradley G. Davis, Cozen & O'Connor, Seattle, WA, for defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE AGGREGATE LIMITS; ORDER DENYING DEFENDANTS' MOTION TO STRIKE

BRYAN, District Judge.

THIS MATTER comes before the court on Plaintiff's Motion for Partial Summary Judg-

ment Regarding Aggregate Limits, and Defendants' Motion to Strike a Portion of Plaintiff's Reply Memorandum in Support of Partial Summary Judgment re Aggregate Limits. The court has considered all pleadings filed in support of and in opposition to the motions and the file herein.

*I. Plaintiff's Motion for Partial Summary Judgment Re Aggregate Limits.*

The standard for a motion for summary judgment has been repeatedly set forth in this case. Briefly, under Fed.R.Civ.P. 56(c), the moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). No genuine factual issue exists where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ This motion pertains to insurance policies for the period of July 1, 1967 to July 1, 1976 between the City of Tacoma ("City") and defendant Great American Insurance Companies ("Great American"). The parties agree that the actual policies have been lost. A stipulation has been entered between the parties that sets forth applicable policy language most likely contained in the policies and that the "limits" for each policy were $100,000 for property damage. The parties cannot agree if the $100,000 limit was a per occurrence limit or an aggregate limit per policy.

The City contends that the amount of the policy limits may fall within both coverage and exclusions from coverage. The City argues that while the insured has the burden of proving coverage, the insurer has the burden of proving exclusion from coverage. Because the City asserts that Great American cannot prove its theory of aggregate limits, it is entitled to a partial summary judgment that the policy limits are per occurrence. The City buttresses its argument by contending

that even if the policies contained aggregate limits, other language in the policies require that separate aggregate limits apply for each landfill-related claim against the City.

In response, Great American argues that the City has failed to meet its burden to prove all elements of coverage, which in its view include the amount of policy limits. Great American construes an aggregate clause not as a restriction on coverage but as the amount of risk covered by the insurance policy. Partly because of the various unknowns due to the lost policies, Great American argues issues of fact preclude summary judgment.

■ The burden of proof is on the insured to show that a loss falls within the terms of the policy. Once the insured has sustained that burden, then the burden shifts to the insurer to prove that the loss is not covered because of exclusionary provisions within the policy. *Aetna Ins. Co. v. Kent,* 12 Wash.App. 442, 447, 530 P.2d 672 (1975) (citations omitted). *See also, Queen City Farms v. Central Nat'L Ins.,* 126 Wash.2d 50, 70–71, 882 P.2d 703 (1994). However, whether certain language in a policy can be characterized as exclusionary is not always an easy issue. Certainly, not all limitations on coverage fall within the meaning of "exclusionary".

The argument that any limitation on coverage is exclusionary in nature and should be treated as an exclusion is plainly wrong. Under that Rationale, literally anything less than the insurer's unconditional promise to pay any amount at any time for any reason and under any circumstances would be an exclusion and the insurer would bear the burden of proof. It would not be necessary for the policyholder to prove anything to bring its claim within the coverage. That argument betrays a fundamental misunderstanding of the logic and organization of an insurance policy. The coverage language defines the set of all claims that are covered. The exclusions define subsets of claims that, although within the main set, are nevertheless excluded. The coverage language specifies a number of factors that must be present for coverage to exist. . . .

*Queen City Farms,* 126 Wash.2d at 71–72, 882 P.2d 703 (quoting Mark N. Thorsrud, *et al., Insurance Coverage for Pollution Liability in Washington. What Constitutes an "Occurrence?"* The Insurer's Perspective, 28 Gonz.L.Rev. 579, 604 n. 168 (1992–1993). Because the insured is more likely to know of "its expectations or intentions", the burden of proof of coverage falls more squarely on the insured. *Queen City Farms, id.* at 72 (citations omitted).

■ Here, whether an aggregate limit applies to the policy limits does not appear to fall within an exclusionary provision. Rather, it appears to define "the set of all claims that are covered." Thus, the City has the burden of proving all elements of coverage, including the monetary value of coverage. The City has not sustained that burden in this motion. If the City's theory was correct; that is, that the agreed $100,000 policy limit applied to unlimited number of occurrences, then the policy limits would be unlimited. It is unlikely that the subject policies were written for, or that plaintiff paid for, such open-ended coverage. What is more likely is that there are some upper limits in the terms of the policies, and it is the City's burden to prove the upper limits as part of proving coverage.

In this situation, where the policies are not available, the insured may have to investigate the coverage custom and practice in municipality insurance, available City of Tacoma insurance policies to compare the terms of coverage, and the records of premiums paid for known coverage by the City or other municipalities. The State Insurance Commissioner may also have premium/coverage information. Such avenues of investigation might lead to evidence from which the court could ascertain the limits of coverage under these policies.

Plaintiff's Motion for Partial Summary Judgment Regarding Aggregate Limits should be denied without prejudice. If either party accumulates substantially more evidence, the court is willing to consider this issue again.

*II. Defendants' Motion to Strike a Portion of Plaintiff's Reply Memorandum in Support of Partial Summary Judgment re Aggregate Limits.*

The defendants move to strike that portion of the City's reply memorandum that discusses the letter of Jodi Hoffman, Assistant City Attorney, dated August 23, 1991. The defendants argue that it is improper to attempt to interpret the letter in a memorandum. Rather, the defendants believe that such discussion should be contained in a declaration by Ms. Hoffman. Otherwise, the defendant contend that it is hearsay and speculative to try to determine the meaning of the letter.

The plaintiff opposes this motion as improper, without authority, and unfounded. The City contends that the letter was first raised by Great American in its response to the motion for partial summary judgment re aggregate limits and it did not file a declaration by Ms. Hoffman discussing the meaning of the letter.

Both parties may be right. However, the court considered positions of the parties on the letter and the letter itself. This information was not determinative of the motion and served to support the defendants' view that issues of fact preclude summary judgment. The court is not inclined to strike a portion of a brief that it considered in making its decision. The motion should be denied.

It is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment Regarding Aggregate Limits is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that Defendants' Motion to Strike a Portion of Plaintiff's Reply Memorandum in Support of Partial Summary Judgment re Aggregate Limits is **DENIED.**