Argued and submitted May 15, 2018, reversed and remanded April 29, petition for review allowed August 27, 2020 (366 Or 826) See later issue Oregon Reports

Dennis L. WRIGHT,
Personal Representative of the
Estate of Martha L. Wright, Deceased,
*Plaintiff-Respondent,*

*v.*

John A. TURNER,
Freida Turner, and Sherri L. Oliver,
*Defendants,*

*and*

MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Defendant-Appellant.*

Multnomah County Circuit Court
060403958; A164003

466 P3d 682

In this automobile insurance coverage dispute, defendant, who provided underinsured motorist coverage to plaintiff, appeals for the second time. The issues in this case are whether the trial court erred by placing the burden on defendant to prove, if the jury found that two accidents occurred, how the damages should be apportioned and by instructing the jury on the apportionment of damages. *Held*: The trial court erred in placing the burden of proving apportionment on defendant, and further erred in instructing the jury that it was not required to apportion plaintiff's damages per accident.

Reversed and remanded.

Karin Johana Immergut, Judge.

Thomas M. Christ argued the cause for appellant. Also on the briefs was Cosgrave Vergeer Kester LLP.

Rick J. Glantz argued the cause for respondent. Also on the brief was Vick & Glantz, LLP.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

POWERS, J.

Reversed and remanded.

_____
  * Egan, C. J., *vice* Garrett, J. pro tempore.

**POWERS, J.**

In this automobile insurance coverage dispute, defendant, who provided underinsured motorist (UIM) coverage to plaintiff, appeals for the second time. The issues before us are whether the trial court erred by placing the burden on defendant to prove, if the jury found that two accidents occurred, how the damages should be apportioned and by instructing the jury on the apportionment of damages. For the reasons explained below, we conclude that the trial court erred and, accordingly, reverse and remand.

Before addressing the merits of this appeal, the procedural history of this case, though lengthy, bears recounting for purposes of our review. Plaintiff filed a complaint against her insurer, defendant Mutual of Enumclaw, seeking UIM benefits, after one driver, Turner, and then, in short succession, another driver, Oliver, collided with the truck in which plaintiff was a passenger. The jury returned a verdict for plaintiff in the amount of $979,540.06, and the trial court entered a judgment consistent with that verdict less offsets.

In *Wright v. Turner*, 253 Or App 18, 289 P3d 309 (2012) (*Wright I*), *rev'd and rem'd*, 354 Or 815, 322 P3d 476 (2014), defendant appealed from the general judgment. Because plaintiff's insurance policy contains a $500,000 limit of liability per accident, defendant argued that the trial court erred in entering a judgment on the verdict without allowing defendant to litigate how many accidents occurred, and that, as a matter of law, only one accident had occurred. We held that the trial court erred in precluding defendant from litigating the number of accidents and that, "as a matter of law, only one accident occurred." *Wright I*, 253 Or App at 28.

On review, the Supreme Court reversed, concluding that the legislature intended the question of "[w]hether the circumstances in a particular case establish more than one 'accident'" occurred to be a question of fact. *Wright v. Turner*, 354 Or 815, 831, 322 P3d 476 (2014) (*Wright II*). Therefore, because "plaintiff presented evidence that was at least sufficient to give rise to a jury question on that

issue," the trial court erred in not presenting the question of how many accidents occurred to the jury. *Id.* at 833-34. The Supreme Court then remanded the case to the trial court to make that factual determination and "for further proceedings." *Id.* at 834.

Before the case returned to the trial court, however, both parties petitioned the Supreme Court for reconsideration seeking clarification. Plaintiff sought clarification as to what the court meant by "further proceedings." Specifically, plaintiff sought clarification on whether the court had intended to remand the case to the trial court solely to have the jury make the factual determination of how many accidents occurred, or whether the court intended a complete reversal of the trial court judgment, and thus, a retrial of the entire case. Plaintiff proposed that the court specify that the remand was a limited remand only on the issue of the number of accidents.

Similarly, defendant also sought, among other things, clarification on the scope of the remand. Defendant, however, disagreed that a new trial should be limited solely to a determination on the number of accidents. In particular, defendant argued that simply determining how many accidents occurred "w[ould] not, by itself, resolve the dispute over how much plaintiff is entitled to recover from defendant." Because plaintiff's policy contains a $500,000 limit on the amount recoverable per accident, a limited remand would not resolve "whether the damages for injuries in any single accident exceeds the [policy] limit." Therefore, defendant requested that the court clarify that the scope of the remand encompassed all of the factual issues, including the number of accidents, the amount of damages, and the damages per accident. The court denied both petitions for reconsideration without discussion.

On remand, the trial court proceeded with the assumption that there should be a new trial on all of the issues. Based on the parties' briefs and pretrial arguments, the trial court made the following pretrial rulings:

"1.   Liability of Turner and Oliver is not at issue and has been conceded or proven;

"2.   Plaintiff has already proven that damages in the amount of [$979,540.06] resulted from the negligence of Turner and Oliver;

"3.   The jury shall determine whether this case involved one accident or two;

"4.   In the event that the jury determines that two accidents were involved, the jury shall determine what percentage of the injury is due to the first accident and second accident[;]

"5.   It is plaintiff's burden to prove the number of accidents, as well as the allocation of damages because it is plaintiff's burden to prove the availability of coverage."

The trial court's initial ruling placed the burden on plaintiff to prove how many accidents occurred and the allocation of damages as to each accident, should the jury find that two accidents occurred.

After the trial court made its pretrial rulings, plaintiff again sought clarification from the Supreme Court by filing a petition for a writ of mandamus. Plaintiff argued that, in light of the Supreme Court's opinion in *Wright II*, the trial court exceeded the scope of the court's remand and should be ordered to limit the trial to a factual determination of whether plaintiff's injuries were caused by one accident or two accidents. In response, defendant agreed that the court should grant the petition and the court should instruct the trial court that the jury should determine the amount of plaintiff's damages, not just the number of accidents and the amount of damages per accident. The court denied by order plaintiff's mandamus petition without explanation.

Following the Supreme Court's denial, the trial court decided to pose an additional question to the jury based on further briefing and argument from the parties regarding the burden of proof: whether plaintiff's injuries could be apportioned between the two accidents? If the answer was no, the jury was not required to apportion the damages and a verdict for the full amount of damages would be for plaintiff. The trial court reasoned that, "[b]ecause, normally, if there wasn't an indivisibility issue, the burden

of apportionment—which part of which accident is I think [plaintiff's] burden. But it seems to me if [plaintiff] prove[s] they're indivisible, I think it's a defense burden to prove the apportionment." The jury verdict form provided:

"**1.   How many accidents occurred on April 16, 2004?**

"ANSWER:   (One or Two)

"If 'two,' go to question 2.

"If 'one,' your verdict is for the defendant. Do not answer any more questions. Your presiding juror must sign this verdict form.

"**2.   Can plaintiff's injuries be apportioned between the two accidents?**

"ANSWER:   (Yes or No)

"If 'yes,' go to question 3.

"If 'no,' your verdict is for plaintiff. Do not answer any more questions. Your presiding juror must sign this verdict form.

"**3.   What percentage of plaintiff's damages were caused by each accident?**

"Sherry Oliver: _____%

"John Turner: _____%

"The percentages must total 100%."

(Boldface and uppercase in original.) The trial court's instruction to the jury provided, "If you find that plaintiff's injuries can be apportioned between the two accidents, defendant has the burden of proving what percentage is assigned to each collision." Thus, the trial court altered its initial pretrial rulings and shifted the burden of proving the amount of damages per accident to defendant.

Ultimately, the jury found that two accidents occurred, and that it was unable to apportion the damages between each accident. Therefore, the trial court entered a verdict for plaintiff and awarded the entire amount of damages that plaintiff requested. Defendant subsequently filed this appeal.

On appeal, defendant argues that the trial court erred in instructing the jury that, if it found that two accidents occurred, yet found plaintiff's injuries indivisible, it did not have to apportion plaintiff's damages between the two accidents. Relatedly, defendant contends that the trial court also erred by placing the burden on defendant to prove the allocation of damages. In response, plaintiff contends that "there is precedent in Oregon law for holding multiple tortfeasors liable for the entirety of plaintiff's harm once plaintiff establishes that said tortfeasors caused plaintiff's harm and that the harm cannot be apportioned," and, thus, the trial court did not err in placing the burden of proving apportionment on defendant.[1]

As explained below, we conclude that the trial court erred by placing the burden of proving apportionment on defendant, and further erred by not requiring the jury, if it found that two accidents occurred, to apportion plaintiff's damages per accident.

As required by Oregon law, plaintiff's insurance policy provides UIM benefits in the event of an automobile accident. Specifically, plaintiff's policy contains a "limit of liability" provision, capping the amount of damages plaintiff can recover from defendant at $500,000 per accident.[2] Given

_____

[1] Plaintiff also takes issue with the trial court's instruction to the jury regarding apportionment, arguing that the Supreme Court remanded the case for the jury to make one, and only one, factual determination: whether one or two accidents occurred on April 16, 2004. Plaintiff, therefore, contends that defendant's arguments regarding the apportionment of damages are moot. We reject that argument without discussion.

[2] The "limit of liability" provisions in plaintiff's policy provides, in part:

"If the Declarations Page shows a single limit of liability for Part C—Uninsured Motorist Coverage, this limit is our maximum limit of liability for all damages for bodily injury and property damage resulting from any one automobile accident. This is the most we will pay regardless of the number of:

"a. Covered persons;

"b. Claims made;

"c. Vehicles or premiums shown on the Declarations Page;

"d. Premiums paid; or

"e. Vehicles involved in the accident."

(Boldface omitted.)

that $500,000 limit, the heart of the parties' disagreement regarding the amount of damages plaintiff can recover, lies on which party had the burden of proof. That is, which party bore the burden of proving how many accidents occurred, and in turn, how much in damages should be apportioned per accident.

In an insurance dispute, it is well established that the initial burden of proving coverage is on the insured seeking coverage and that the insurer has the burden of proving whether any policy exclusions apply. *See, e.g.*, *FountainCourt Homeowners v. FountainCourt Develop.*, 360 Or 341, 360, 380 P3d 916 (2016); *Employers Insurance of Wausau v. Tektronix, Inc.*, 211 Or App 485, 509, 156 P3d 105, *rev den*, 343 Or 363 (2007). It is not clear in Oregon law, however, whether a "limit of liability" provision that caps an insured's recoverable damages functions more as a grant of "coverage" or an "exclusion" for purposes of allocating which party has the burden of proof. Thus, our task is to determine whether that provision in plaintiff's policy functions more as a grant of "coverage" or as an "exclusion" for purposes of allocating the burden. *See ZRZ Realty v. Beneficial Fire and Casualty Ins.*, 222 Or App 453, 465, 194 P3d 167 (2008), *adh'd to as modified on recons*, 225 Or App 257, 201 P3d 912 (2009), *aff'd in part and rev'd in part*, 349 Or 117, 241 P3d 710 (2010), *adh'd to as modified on recons*, 349 Or 657, 249 P3d 111 (2011) (noting that whether an insurance policy "is more properly characterized as part of the grant of coverage or an exclusion" is "critical to the allocation of the burden of proof").

Generally, "[i]nsurance policies are contractual in nature and are interpreted, for the most part, like any other business contract." *Tekronix, Inc.*, 211 Or App at 502-03. The analysis differs, however, when the provision at issue is statutorily required. In that case, "we attempt to determine the legislature's intention in enacting that statute rather than the parties' contractual intention in entering into the insurance contract." *Wright II*, 354 Or at 820 (quoting *Fox v. Country Mutual Ins. Co.,* 327 Or 500, 506, 964 P2d 997 (1998)). Because ORS 742.502 mandates that every motorist's insurance policy provide a minimum level of UIM coverage for damages, we must interpret plaintiff's "limit

of liability" provision in accordance with the legislature's intent.[3]

In *Wright II*, the Supreme Court addressed how UIM coverage functions in Oregon. Specifically, the court discussed the relationship between ORS 742.502 and ORS 742.504,[4] the two statutes governing plaintiff's "limit of liability" provision:

"ORS 742.502 requires that Oregon automobile liability insurance policies include coverage for damages caused by

---

[3] ORS 742.502(2) provides, in part:

"(2)(a) A motor vehicle bodily injury liability policy must have the same limits for uninsured motorist coverage as for bodily injury liability coverage unless a named insured in writing elects lower limits. The insured may not elect limits lower than the amounts prescribed to meet the requirements of ORS 806.070 for bodily injury or death. Uninsured motorist coverage must include underinsurance coverage for bodily injury or death caused by accident and arising out of the ownership, maintenance or use of a motor vehicle with motor vehicle liability insurance that provides recovery in an amount that is less than the sums that the insured or the heirs or legal representative of the insured is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining or using an uninsured vehicle. Underinsurance coverage must be equal to the sums that the insured or the heirs or legal representative of the insured is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining or using an uninsured vehicle up to the limits of the uninsured motorist coverage."

ORS 742.502 has been amended several times since 2004; however, because those subsequent amendments do not affect our analysis, we refer to the current version of the statute.

[4] ORS 742.504 provides, in part:

"Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section requires the insurer to reproduce in the policy the particular language of any of the following provisions:

"* * * * *

"(7)(a) The limit of liability stated in the declarations as applicable to 'each person' is the limit of the insurer's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident."

ORS 742.504 also has been amended several times since 2004; however, because those subsequent amendments do not affect our analysis, we refer to the current version of the statute.

both uninsured (UM) and underinsured (UIM) drivers. The limits for UM and UIM coverage must be the same as for bodily injury liability coverage unless a named insured in writing elects lower limits. ORS 742.502(2)(a). ORS 742.504 sets out the terms that must appear in any insurance policy to comply with the terms of ORS 742.502. ORS 742.504 (7)(a) provides that 'the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.'"

354 Or at 820-21 (footnote omitted).

After examining ORS 742.502 and ORS 742.504 together, we conclude that plaintiff's "limit of liability" provision more closely resembles a limited grant of "coverage," rather than an exclusion.[5] The text of ORS 742.504(7)(a), in context with the other UIM provisions in ORS chapter 742, support a determination that plaintiff's "limit of liability" provision is part of the overall grant of coverage for purposes of allocating the burden of proof. Although the language in ORS 742.504(7)(a) denotes a "limit of liability" provision as "the total limit of the company's liability for all damages because of bodily injury," when viewed in context with ORS 742.502, it refers to an insurer's obligation to pay what an insured is entitled to recover as a result of an accident with an underinsured motorist. *See* ORS 742.502(2)(a) ("Underinsurance coverage must be equal to the sums that

---

[5] Other jurisdictions are split on whether the burden is on the insurer or the insured to prove damages when the policy contains a "limit on liability" provision. *Compare Miller v. Industrial Hospital Ass'n*, 183 Neb 704, 705, 163 NW2d 891 (1969) (determining that the "schedule limiting the benefits payable under an insurance policy *** are generally defensive in character and must be pleaded and proved by the insurer"), *and Canal Ins. Co. v. Bryant¸* 173 Ga App 173, 174, 325 SE2d 839 (1984) (determining that because "the burden of proof generally lies upon the party asserting or affirming a fact *** the burden of proof with reference to the provisions of the 'limit of liability' clause was on [insurer] and [insured] had no evidentiary burden in that regard" (capitalization omitted)), *with City of Tacoma v. Great American Ins. Companies*, 897 F Supp 486, 487-88 (WD Wash 1995) (determining that "not all limitations on coverage fall within the meaning of 'exclusionary'" and that because an aggregate limit on a policy "does not appear to fall within an exclusionary provision *** the [insured] has the burden of proving all elements of coverage, including the monetary value of coverage"). Ultimately, we find the cases that categorize such limits as exclusions and place the burden on the insurer unpersuasive and contrary to the legislature's intent.

the insured \*\*\* is legally entitled to recover as damages for bodily injury or death that is caused by accident and that arises out of owning, maintaining, or using an uninsured vehicle up to the limits of the uninsured motorist coverage."). Because the general purpose of the UIM provisions is to provide coverage for recovery for damages sustained as a result of "any one accident," any statutory minimum or maximum placed on the amount recovered does not fundamentally change that those statutes are properly viewed as a grant of coverage for purposes of allocating the burden.

Thus, because the language of both ORS 742.502 and ORS 742.504, describe UIM benefits as an entitlement to coverage—even if that coverage has a limit of liability—we are persuaded that an insured should bear the burden of proving that a loss came within the scope of that limited coverage. As applied here, plaintiff bears the burden of proving how many accidents occurred and how much in damages should be apportioned per accident. Indeed, if two accidents had occurred on different days, the burden would be on the insured to show that the second accident was also covered under the insured's insurance policy. The fact that the accidents happened close in time and the policy limits coverage up to $500,000 in damages per accident is not determinative on who bears the burden of proof.

Because the trial court erred in shifting the burden of apportioning damages to defendant when it altered its pretrial ruling, the court further erred by asking the jury whether the two accidents could be apportioned, and then instructing the jury that it was not required to apportion the damages per accident.[6] We further conclude that, given the trial court's erroneous jury instructions, we must reverse and remand to determine the amount of damages resulting from each accident. *See Sherertz v. Brownstein Rask,* 288 Or App 719, 727, 407 P3d 914 (2017) ("[I]f there is 'some'

---

[6] Given our determination that plaintiff bears the burden of proving the apportionment of damages between each accident, we conclude that plaintiff's arguments based on tort concepts to shift the burden of proof to defendant are inapplicable. *See Interstate Fire v. Archdiocese of Portland in Oregon*, 318 Or 110, 118, 864 P2d 346 (1993) (noting "that reference to precepts of Oregon tort law as a means of defining policy terms is appropriate only if the policy expressly or by clear inference implicates those precepts").

likelihood or a 'significant' likelihood that the [instructional] error influenced the jury's verdict, we must reverse.").

Finally, defendant contends that, if we reverse, the court should remand for entry of a judgment based on "just one limit of damages" and not for another trial. Relying on *Sunset Presbyterian Church v. Andersen Construction*, 268 Or App 309, 341 P3d 192 (2014), *rev den*, 357 Or 551 (2015), defendant argues that the case should be remanded "for entry of a new and final judgment based on what plaintiff did prove in the course of two trials: that she suffered at least $500,000 in recoverable damages." (Emphasis omitted.) The problem with defendant's argument, however, is that the number of accidents and the amount of damages per accident are both questions of fact. Further, given that defendant has successfully argued that the jury was incorrectly charged in the second trial, we decline defendant's invitation to decide the appropriate damages. *See Estate of Michelle Schwarz v. Philip Morris Inc.*, 348 Or 442, 459, 235 P3d 668 (2010) (explaining that, under Article I, section 17, of the Oregon Constitution, the court should not "decide the damages that a correctly instructed jury would award, and we therefore must remand this case for a jury's decision").

In sum, for the reasons stated above, we reverse and remand for the limited purpose of having a jury determine how much in damages should be apportioned between the two accidents with plaintiff bearing the burden of apportioning the damages per accident.

Reversed and remanded.